UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| O.F. MOSSBERG & SONS, INC. ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIMNEY TRIGGERS, LLC and ) <br> TIMNEY MANUFACTURING, INC., ) <br> ) <br>     Defendants ) | Civil Action No. 3:12-cv-00198-SRU <br><br> **AMENDED COMPLAINT FOR** <br> **PATENT INFRINGEMENT** |

Plaintiff, O.F. Mossberg & Sons, Inc., through its attorneys, hereby alleges:

## THE PARTIES

1.     Plaintiff, O.F. Mossberg & Sons, Inc. (hereinafter "Mossberg" or "Plaintiff"), is a corporation organized under the laws of the state of Connecticut, having a principal place of business at 7 Grasso Avenue, North Haven, CT 06473.

2.     On information and belief, Defendant Timney Triggers, LLC is a limited liability company organized under the laws of the state of Arizona, having a principal place of business at 3940 W. Clarendon Avenue, Phoenix, AZ 85019.

3.     On information and belief, Defendant Timney Manufacturing, Inc. (hereinafter collectively referred to as "Timney" or "Defendants") is a corporation organized under the laws of the state of Arizona, having a principal place of business at 3940 W. Clarendon Avenue, Phoenix, AZ 85019.

4.     On information and belief, Defendants Timney Triggers, LLC and Timney Manufacturing, Inc. (hereinafter collectively referred to as "Timney" or "Defendants") are affiliated companies.

## JURISDICTION AND VENUE

5.     This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281.

6.     This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

1

7.     On information and belief, Defendants are subject to personal jurisdiction because Defendants sell and distribute the accused infringing products throughout the United States and specifically to residents of Connecticut via retail locations and at Internet sites such as www.timneytriggers.com.

8.     On information and belief, Defendants regularly solicit and conduct business in Connecticut and/or derive substantial revenue from the infringing products provided to businesses and residents of Connecticut. Connecticut businesses (i.e., retail locations) offer to sell those products. Connecticut residents purchase those infringing products from those Connecticut businesses or directly from Defendants. Accordingly, both jurisdiction and venue are proper in this court. 28 U.S.C. §§ 1391 and 1400.

## FACTS

9.     Plaintiff Mossberg is a manufacturer of firearms (e.g., shotguns) and related items. Mossberg sells its firearms both in the United States and internationally.

10.    Upon information and belief, Defendants manufacture trigger assemblies for firearms, including replacement triggers. Defendants sell their trigger assemblies both in the United States and internationally.

## COUNT 1 - INFRINGEMENT OF
## U.S. PATENT NO. 7,293,385

11.    Mossberg re-alleges and incorporates by reference the allegations set forth in Paragraphs 1-10.

12.    Mossberg is the Assignee and owner of all rights, title and interest in U.S. Patent No. 7,293,385 (the "'385" patent), entitled "MODULAR TRIGGER GROUP FOR FIREARMS AND FIREARM HAVING A MODULAR TRIGGER GROUP", duly and properly issued by the U.S. Patent and Trademark Office on November 13, 2007. A copy of the '385 patent is attached as Exhibit A.

13.    Mossberg's '385 patent basically describes a modular trigger assembly which can be substituted for an existing trigger assembly within a firearm, such as an automatic rifle ("AR"). Each modular trigger assembly can have a different trigger pull force. Therefore, a user can substitute a different modular trigger assembly if the shooter desires to have a different trigger pull. Different trigger pulls are used, for example, in target shooting and hunting.

14.    Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributorily infringing the '385 patent by, among other things, making, using, offering to sell or selling in the United States, specific modular trigger assemblies (for firearms) that are covered by the '385 patent.

2

15. Upon information and belief, Defendants manufacture and sell, among other things, a line of specific modular trigger assemblies (a.k.a. "drop in triggers") for AR-15 rifles. Defendants identify its triggers as the "AR-15 Fire Control Group."

16. Plaintiff has compared an actual modular trigger assembly from Defendants' "AR-15 Fire Control Group" and believes that trigger falls within the scope of at least Claims 1, 2, 3, 4 and 10 of the '385 patent.

17. Defendants also manufacture and sell a line of specific modular trigger assemblies (a.k.a. "drop in triggers") for AR-10 rifles. Upon information and belief, Defendants' line of AR-10 triggers falls within the scope of at least Claims 1, 2, 3, 4 and 10 of the '385 patent.

18. Defendants' use, offer for sale and/or sale of their above-identified modular trigger assemblies has not been under license or authority from Mossberg.

19. Defendants' activities constitute direct infringement, contributory infringement and/or inducement to infringe one or more claims of the '385 patent pursuant to 35 U.S.C. § 271.

20. As a direct result of each Defendants' infringement of the '385 patent, Mossberg has suffered, and will continue to suffer, damages in an amount to be established at trial. In addition, Mossberg has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

21. Upon information and belief, Defendants had actual knowledge of the '385 patent before engaging in its infringing activity. Defendants have also had actual knowledge of the '385 patent before the filing of this complaint. Despite such actual knowledge of Mossberg's '385 patent, Defendants have continued to use, offer for sale and/or sell the infringing products in the United States, including in Connecticut. Defendants' infringements are therefore deliberate and willful and will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

22. WHEREFORE, Mossberg prays for relief as follows:

    a. for a judgment declaring that Defendants have infringed the Mossberg '385 patent;

    b. for a judgment awarding Mossberg compensatory damages as a result of Defendants' infringement of Mossberg's '385 patent, together with interest and costs, and in no event less than a reasonable royalty;

c.      for a judgment declaring that Defendants' infringement of Mossberg's '385 patent has been willful and deliberate;

d.      for a judgment awarding Mossberg treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of Mossberg's '385 patent;

e.      for a judgment declaring that this case is exceptional and awarding Mossberg its expenses, costs and attorneys fees in accordance with 35 U.S.C. §§ 284 and 285;

f.      for a grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement; and

g.      for such other relief as the Court deems just and proper.

Dated this __30th__ day of May 2012.

Respectfully submitted

/s/donaldsholland
Donald S. Holland, Esq.
Fed. Bar No. ct 08609
HOLLAND & BONZAGNI, P.C.
171 Dwight Road
Longmeadow, MA 01106
(413) 567-2076
dsh@hblaw.org

/s/josephhbartozzi
Joseph H. Bartozzi
Fed. Bar No. ct 23959
Senior Vice President and General Counsel
O.F. Mossberg & Sons, Inc.
7 Grasso Avenue
PO Box 497
North Haven, CT  06473-3259
(203) 230-5346
joebartozzi@mossberg.com

[12005L/01.A]

4